UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMAL L. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5413** |
| **STEVE RADER, WARDEN** | **SECTION "G"(4)** |

## TRANSFER ORDER

Petitioner, JAMAL L. LEWIS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2009 state court conviction and sentence.[1] To support his challenge, petitioner asserts the following grounds for relief:

1) He was denied effective assistance of counsel when counsel failed to object to the admissibility of other crimes evidence; to object to the State's failure to lay a proper foundation for admission of other crimes evidence; and to object to the exclusion of black jurors.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Jamal L. Lewis v. Steve Rader, Warden</u>, Civil Action 11-2665 "G"(4). In that petition, petitioner raised the following grounds for relief:

1) The State failed to prove beyond a reasonable doubt that petitioner committed manslaughter rather than negligent homicide;

2) He received an unconstitutionally excessive sentence.

---

[1] On July 19, 2013, petitioner tendered for filing a new habeas petition in an attempt to supplement his claims in prior case number 11-2665 "G"(4). (Rec. Doc. No. 1). However, that matter was closed by judgment entered on June 18, 2012. The Clerk's Office informed him that the case was closed, and he tendered another habeas petition (virtually identical to the first petition) for filing on August 9, 2013, along with an application to proceed in forma pauperis. (Rec. Doc. No. 4).

Petitioner's motion to stay the proceedings was denied because the only two claims he chose to raise in his petition were properly exhausted through his direct appeal.[2] He did not include claims of ineffective assistance of counsel in his petition for relief, but rather, indicated in his motion for stay that he had future plans to present some unspecified ineffective assistance of counsel claims to the state court on post-conviction. The court declined to stay the matter indefinitely, and instead, ruled on the merits of the two fully exhausted claims presented. The petition was dismissed with prejudice on the merits by Judgment entered June 18, 2012. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. Petitioner has now twice brought claims contesting the same custody imposed by the same judgment of conviction, simply because he chose to proceed earlier with adjudication of exhausted claims instead of bringing all properly exhausted claims together. In *Burton v. Stewart*, similar to the instant case, the petitioner chose to proceed with exhausted claims as to his conviction only in his initial habeas petition, while he continued to pursue state review of his resentencing.[3] The initial petition was denied on the merits.[4] Petitioner subsequently returned to federal court after the state court rejected his sentencing challenges, and filed a second § 2254 petition for habeas relief challenging the constitutionality of his sentence.[5] The Supreme Court held that the subsequent habeas application was "second or successive" within the meaning of 28 U.S.C. § 2244.[6]

---

[2] Rec. Doc. 12.

[3] 549 U.S. 147, 127 S. Ct. 793, 166 L.Ed.2d 628 (2007)

[4] *Id.*

[5] *Id.*

[6] *Id.*

2

In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.[7]

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that JAMAL L. LEWIS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

**NEW ORLEANS, LOUISIANA**, this __9th__ day of September, 2013.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[7] 28 U.S.C. § 2244(b)(2)(A),(B).

3